IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AUTUMN DUNN                                                                    PLAINTIFF

V.                                                              CAUSE NO. 1:19CV100-M-P

MISSISSIPPI STATE UNIVERSITY                                                  DEFENDANT

**ORDER**

Before the Court is defendant Mississippi State University's motion for partial dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. 9] for the following claims alleged by plaintiff Autumn Dunn: retaliation under Title VII of the Civil Rights Act of 1964, retaliation under 42 United States Code § 1981, constitutional violations under 42 United States Code §1983, and punitive damages. Plaintiff Autumn Dunn has not responded to the motion. Having considered the memorandum and relevant law, the Court is prepared to rule.

**Background**

Autumn Dunn (hereinafter "Dunn") was provided a graduate teaching assistantship position, under the supervision of Dr. Gary Ervin at Mississippi State University (hereinafter "MSU") beginning on August 16, 2018 and ending on May 15, 2019. As compensation, she was to receive a monthly stipend of $1,666.67 and reduced tuition and fees. Dunn alleges her stint in this position was terminated early by Dr. Ervin on November 20, 2018. She alleges that a research associate made inappropriate comments to her before and during an out of town conference. Dunn alleges she "advised other students that she would be discussing" her discomfort with the research associate's comments with Dr. Ervin. [Doc. 1, p. 3-5]. Dunn alleges that the research associate was aware of her intentions and "started conversations with [her

1

supervising professor] about [Dunn's] behavior at the conference," which she claims ultimately led to the professor's termination of support for her studies and loss of her assistantship under his supervision. [Doc. 1, p.5-6].

## Standard of Review

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack" prior to any other attack. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). A Rule 12(b)(1) motion "allows a party to challenge the subject matter jurisdiction of the district court to hear a case." *Id*. If the court determines that it "lacks the statutory or constitutional power to adjudicate the case," then the court may properly dismiss the claim. *Home Builders Assn'n v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may base its consideration on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) ).

In dealing with a Rule 12(b)(1) motion, the court must first determine whether the motion is a facial or factual attack. A "facial attack" is one premised solely on the complaint and requires the court "merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In contrast, a "factual attack" challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir. 1980). Whether

the attack is facial or factual, the party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

Before the Court can grant a motion to dismiss, the Defendant must show that Plaintiff has not met the relevant pleading standard to state a claim. Defendant must show that Plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plaintiff's complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555 (2007)).

This Court has previously recognized that "the purpose of a Rule 12(b)(6) motion [is] to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case." *Edwards v. Coldwell Banker Real Estate Corp.*, 2006 WL 2404718, *1 (N.D. Miss. Aug. 18, 2006) (citing *Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976)). "When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint." *Gatheright v. Barbour*, 2017 WL 507603, *3 (N.D. Miss. Feb. 6, 2017) (citing *Walker v. Webco Indus., Inc.*, 562 Fed.Appx. 215, 216–17 (5th Cir. 2014) (per curiam)) (additional citation omitted). It is the responsibility of the Court to now determine "whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (additional citations omitted).

## Discussion

Dunn argues that she is entitled to relief under the following: Title VII of the Civil Rights Act of 1964 for sex discrimination and retaliation, 42 United States Code § 1981 for retaliation, and 42 United States Code § 1983 for constitutional violations. Dunn also argues for punitive damages.

MSU argues that, under Fed. R. Civ. P. 12(b)(1), Dunn's 42 U.S.C. § 1981 and 42 U.S.C. § 1983 claims should be dismissed because the Court lacks jurisdiction over those claims because of MSU's immunity under the Eleventh Amendment.

MSU also argues under Fed. R. Civ. P. 12(b)(6), that Dunn's Title VII claim for retaliation also should be dismissed for failure to exhaust administrative remedies because the claim was not included in the Charge of Discrimination filed with the Equal Employment Opportunity Commission (hereinafter "EEOC"). MSU further argues based on Fed. R. Civ. P. 12(b)(6), that Dunn's claim for punitive damages must be dismissed because the Civil Rights Act of 1991 precludes a punitive damages recovery against governments, government agencies, and political subdivisions. However, MSU does not argue, at this time, to dismiss Dunn's Title VII sex discrimination claim.

### A. 42 U.S.C. § 1981 and 42 U.S.C. § 1983 Claims

MSU argues that the Eleventh Amendment provides it immunity from Dunn's 42 U.S.C. § 1981 and 42 U.S.C. § 1983 claims. The Eleventh Amendment states as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Hence, under the Eleventh

Amendment, states are immune from suits in federal courts by individuals. However, there are three exceptions.

First, an individual may sue a state in federal court if the state consents. *Perez v. Region 20 Education Service Center*, 307 F.3d 318, 326 (5th Cir. 2002); see also *Pennhurst State Sch. & Hosp. v. Halderman*, 104 S. Ct. 900, 908 (1984) (noting the Eleventh Amendment bars a federal court suit naming "the State or one of its agencies or departments" as the defendant). Second, an individual may sue a state in federal court if Congress "abrogated the state's sovereign immunity." *Id* at 326. Third, an individual may sue a state officer in federal court under the *Ex Parte Young Doctrine*. *Ex Parte Young*, 28 S. Ct. 441 (1908). The Fifth Circuit in *Alexander v. Trump* interpreted the *Ex Parte Young Doctrine* as follows: "a state officer may be sued in his official capacity in federal court where the complaint 'alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" 753 F. App'x 201, 207–08 (5th Cir. 2018) (quoting *Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015) (quoting *Verizon Maryland, Incorporated v. Public Service Commission*, 122 S.Ct. 1753 (2002)). Furthermore, "a plaintiff must demonstrate that the state officer has 'some connection' with the enforcement of the disputed act." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (quoting *Ex Parte Young*, 28 S.Ct. 441 (1908)).

All three exceptions are inapplicable to Dunn's 42 U.S.C. § 1981 and 42 U.S.C. § 1983 claims. Mississippi Code § 11-46-5(4) states "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." MSU is an arm of the State that is created and granted powers by statute. Mississippi Code § 37–113–3 (2008). Accordingly,

Dunn's 42 U.S.C. § 1981 and 42 U.S.C. § 1983 claims for damages against MSU cannot be sustained because Mississippi has not waived its Eleventh Amendment immunity.

Congress has not abrogated Mississippi's Eleventh Amendment Immunity. In *Hines v. Mississippi Department of Corrections*¸ the Fifth Circuit found that "Congress has not chosen to abrogate the states' immunity for suits under §§ 1981, 1983, and 1985(3)." 239 F.3d 366, 2000 WL 1741624 (5th Cir. 2000). Thus, this exception is inapplicable.

Additionally, the *Ex Parte Young Doctrine* does not apply to Dunn. For Dunn to successfully allege this exception, she would have to name an officer of MSU with some connection to the enforcement of her termination and also argue for injunctive relief. Dunn does neither. Other than herself, she only names MSU as a party. Furthermore, nowhere in her complaint does she use the word injunctive relief. She does argue in her complaint under the subheading "Prayer for Relief" for "reinstatement or front pay in lieu of reinstatement" [Doc. 1, p. 8]. However, the Court does not find her request for reinstatement synonymous with injunctive relief because her removal has already occurred and is not an ongoing process. Thus, this exception is inapplicable.

Since no exception applies, the Court finds it lacks subject matter jurisdiction over Dunn's claims against MSU arising from 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

**B. Title VII Retaliation Claim**

A Title VII retaliation claim is analyzed similarly to a 42 U.S.C. § 1981 retaliation claim. *Body by Cook, Incorporated v. State Farm Mutual Automobile Insurance,* 869 F.3d 381, 386 (5th Cir. 2017), cert. denied, 138 S. Ct. 1009, (2018), reh'g denied, 138 S. Ct. 1588 (2018). However, unlike a claim that arises from 42 U.S.C. § 1981, a Title VII retaliation claim requires administrative remedies to be exhausted before the claim can be pursued in district court. *Seals v. Southwire Company*, No. 1:17CV203, 2018 WL 4938820, at *1 (N.D. Miss. Oct. 11, 2018). In

determining whether a plaintiff exhausted her administrative remedies, the Fifth Circuit in *Pacheco v. Mineta*, found "the scope of an EEOC complaint should be construed liberally." 448 F.3d 783, 788 (5th Cir. 2006). The Fifth Circuit further added that it "interprets what is properly embraced in review of a Title–VII claim somewhat broadly, not solely by the scope of the administrative charge itself, but by the scope of the EEOC investigation 'which can reasonably be expected to grow out of the charge of discrimination.'" *Id*. at 789 (citing *Sanchez v. Standard Brands, Incorporated*, 431 F.2d 455, 466 (5th Cir.1970).

Given the language in plaintiff's EEOC charge, this court does not believe that a retaliation claim might have reasonably been expected to "grow out of" it, notwithstanding plaintiff's failure to check the appropriate boxes. In her EEOC charge, plaintiff alleged as follows:

> I was a Masters Student in the Biology department at Mississippi State University. On November 19, 2018, my major professor, Dr. Gary Ervin gave me his termination letter.
>
> I believe I have been discriminated against because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, since based on the emails and interactions I have had with Dr. Ervin, I received no indication that my performance at the school was under question. Dr. Ervin took no action to try and remediate any concerns expressed in his letter of termination, nor did he give me any notice or warning that he had intended to terminate his support and resign as my major professor.

[Doc. 9-1]. The most significant part of the above narrative is the third sentence, in which plaintiff wrote that "I believe I have been discriminated against because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, since […]." In so writing, Dunn was utilizing her own words, in plain English, and she could not have been clearer that the factual narrative which followed was to be interpreted in light of her allegation that she was discriminated against on the basis of her sex. Thus, this is clearly not a case in which plaintiff merely neglected to "check the boxes" for

7

retaliation. To the contrary, plaintiff specifically stated that her factual narrative was to be read as evidence of sex discrimination. Because she failed to specifically allege a retaliation claim and her EEOC charge does not convince the Court that a retaliation claim could grow out of the discrimination charge, Dunn's Title VII retaliation claim is dismissed.

**C. Punitive Damages**

The Court will not address MSU's argument to dismiss punitive damages. The Court has already determined that it does not have jurisdiction over Dunn's claims arising from 42 U.S.C. § 1981, 42 U.S.C. § 1983, and her Title VII retaliation claim. Hence, it will not discuss MSU's argument to dismiss punitive damages because this Court does not have jurisdiction to do so. Furthermore, the Court will not dismiss any punitive damages claims based on Dunn's Title VII sex discrimination claim because MSU has not argued to dismiss this claim.

**Conclusion**

Thus, the Court dismisses Dunn's 42 U.S.C. § 1981 and 42 U.S.C. § 1983 claims for lack of jurisdiction because MSU is immune under the Eleventh Amendment; the Court also dismisses Dunn's Title VII retaliation claim for failure to exhaust administrative remedies.

Accordingly, Defendant's Motion for Partial Dismissal, [Doc. 9], is GRANTED.

SO ORDERED, this the 22nd day of November, 2019.

                                                **/s/ MICHAEL P. MILLS**
                                                **UNITED STATES DISTRICT JUDGE**
                                                **NORTHERN DISTRICT OF MISSISSIPPI**